TotteN, J.,
delivered the opinion of the court.
At January term, 1854, of the circuit court of Grundy, David Fults, with others,' was convicted of an *235 affray. He was sentenced to a fine of ten dollars and two days imprisonment. The fine and costs were secured, and there appears of record the following entry:
“ On motion of defendant, David Enlts, and for reasons appearing to the satisfaction of the court by admission of the Attorney General, and the evidence in the case, he is permitted to enter into recognizance to appear at the nest term of this court and then undergo the imprisonment adjudged against him, and abide by and perform the sentence of the court.”
The defendant gave bail, and at the next term made his appearance before the court. It was thereon ordered that the defendant be imprisoned in accordance with the judgment at the former term, and the defendant appealed in error to this court.
We see nothing irregular in this proceeding to which the defendant can except. There are many cases no doubt, where it is necessary, and proper, to suspend the execution of the final judgment. Eor instance, where the prisoner has become non compos between the judgment and the award of execution; ox, in order to give room to apply to the Executive for a reprieve or pardon, or in special cases, where the necessity and propriety of such course, are rendered evident to the mind of the court. Allen vs. The State, M. & Y., 297 4 Bl. Com., 395.
In Allen’s case it was considered, that a right to petition the Executive for a pardon, was a constitutional right, and as the prisoner was convicted of manslaughter, and sentenced to be branded in the hand, under the law then in force, time was allowed him, until the next term to petition for a pardon. He was also *236 permitted to give bail, the court remarking, “ in common cases, where the party can give bail reasonably, to secure his appearance, that he may be forthcoming and subject to the sentence of the law, is' all that the law requires.”
Now it is true, that the order does not state for what cause the respite was granted. It were better no doubt that the cause be stated, that it may appear to be such as the law will recognize. "We are bound, however, to presume from the silence of the record in this respect, that the respite was granted on sufficient cause, but if it were not, it is clear that the objection is one not to be made by the defendant who takes the benefit of it.
The judgment will be affirmed.